**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **JEFFRY IRVING,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:16-cv-1617 |
| **PAE GOVERNMENT SERVICES, INC.** | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT'S**
**UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

On September 8, 2017, pursuant to this Court's August 25, 2017 Order setting a briefing schedule, Defendant PAE Government Services, Inc. filed its Motion for Summary Judgment and served it on Plaintiff using the Court's electronic filing system. *See* Docket Nos. 37 and 42. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, therefore, was due no later than September 22, 2017. *See* Docket No. 37 and Local Civ. R. 7(F)(1) (response briefs "shall" be filed within fourteen (14) calendar days without regard to the mode of service). To date, however, Plaintiff has not filed an Opposition nor has he requested an extension.[1] For these reasons, as well as those discussed below, Defendant is entitled to summary judgment.

**ARGUMENT**

Because Plaintiff did not oppose Defendant's Motion for Summary Judgment, the Court should grant it for two reasons. First, with no opposition, the Court should deem Defendant's undisputed material facts admitted. *See* Local Civ. R. 56(B) ("[T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is

---

[1] Undersigned counsel for Defendant checked the docket again just prior this filing and no activity from Plaintiff is reflected since September 6, 2017 (Docket No. 40).

controverted in the statement of genuine issues filed in opposition to the motion."). At bottom, adopting Defendant's undisputed facts is not only warranted, but well within this Court's discretion:

> The Local Rules of this Court are not suggestions to be taken lightly. Admitted practitioners of this Court certify they have read the Local Rules…Moreover, the Rule 16(b) Scheduling Order…directed the parties to file dispositive motions in accordance with Local Civil Rule 7(F)(1). And Local Civil Rule 7(I) explicitly addresses extensions of time. Plaintiff's opposition is late. Plaintiff's counsel did not attempt to show good cause for an extension of time in advance of filing. Nor did counsel adequately address the timeliness issue during the hearing. **In such a circumstance, it is well within the province of the Court to accept as undisputed all facts contained in Defendant's statement of undisputed facts when deciding whether Defendant is entitled to judgment as a matter of law.**

*Lee v. Computer Scis. Corp.*, 2015 U.S. Dist. LEXIS 21998, *3-5 (E.D. Va. Feb. 24, 2015) (emphasis added). *See also Tetreault v. Advanced Fed. Servs. Corp.*, 2012 U.S. Dist. LEXIS 140992 (E.D. Va. Sept. 28, 2012) ("Because Plaintiff failed to rebut any of the facts set forth by Defendants, the court accepts Defendant's statement of facts.") (internal citations omitted)

With its facts accepted, Defendant has met its burden of showing "the absence of an essential element of the nonmoving party's case" while Plaintiff cannot possibly meet his own burden to "recite specific facts showing that there is a genuine dispute of fact which merits a trial." *Masoero v. Food Lion, LLC*, 2013 U.S. Dist. LEXIS 39618 (E.D. Va. Mar. 21, 2013) (quoting *Honor v. Booz-Allen & Hamilton. Inc.*, 383 F.3d 180, 185 (4th Cir. 2004)). Accordingly, Defendant is entitled to summary judgment.

Second, parties who fail to respond to arguments raised on summary judgment concede those arguments. *High Country Arts and Crafts Guild v. Hartford Fire Ins. Co.*, 126 F.3d 629, 634-35 (4th Cir. 1997) (holding that when a "[d]efendant move[s] for summary judgment…and the] [p]laintiff [does] not address [the] issue[s] in its opposition to the motion for summary judgment...judgment dismissing [the] cause of action is appropriate." (citation omitted). Here, by

filing no opposition at all, Plaintiff has conceded each of Defendant's arguments. Thus, Plaintiff cannot possibly establish the essential elements of his claims–an absolute requirement to survive a motion for summary judgment. *Contract Assocs. v. Atalay*, 2015 U.S. Dist. LEXIS 48129, *5-6 (E.D. Va. Apr. 10, 2015) ("In making a summary judgment determination, the Court must bear in mind that "[a] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Accordingly, Defendant is entitled to summary judgment.

## CONCLUSION

For each of these reasons, as well as those raised in Defendant's Motion for Summary Judgment, Defendant is entitled to summary judgment with respect to each of the remaining claims in Plaintiff's Complaint.

Dated: September 25, 2017                Respectfully submitted,

                                         JACKSON LEWIS P.C.

                                         /s/ *Matthew F. Nieman*
                                         Matthew F. Nieman (Va. Bar No. 47231)
                                         Jeremy S. Schneider (Va. Bar No. 84419)
                                         10701 Parkridge Blvd., Suite 300
                                         Reston, Virginia 20191
                                         Telephone: (703) 483-8300
                                         Fax: (703) 483-8301
                                         niemanm@jacksonlewis.com
                                         Jeremy.Schneider@jacksonlewis.com
                                         *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2017, a true and correct copy of the foregoing was filed using the Court's ECF system, which will serve all counsel of record automatically.

*/s/ Matthew F. Nieman*
Matthew F. Nieman